IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRED ADAMS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**NORRISTOWN STATE HOSPITAL,**<br><br>*Defendant.* | **Case No. 5:24-cv-04125-JDW** |

## MEMORANDUM

Deadlines matter in litigation. Without deadlines, cases would drag on even longer than they already do (which is already often far too long). Fred Adams sued his former employer Norristown State Hospital, but he didn't serve the Complaint by the deadline to do so. I warned his lawyer that I might dismiss the case, and when nothing happened, I dismissed the case. Now he's back, asserting the same claims in a second lawsuit. But he filed this case after the deadline to assert a claim. He asks me to invoke equitable powers to toll the deadline and, in effect, excuse the late filing. He's shown no basis for me to do so, and I won't. I will grant the Hospital's summary judgment motion on his federal claims. I will decline to exercise supplemental jurisdiction on his state law claims because there's no efficiency to pursuing them in this forum.

I.   **BACKGROUND**

Mr. Adams claims that his former employer Norristown State Hospital discriminated against him by denying him equal treatment and overtime opportunities and ultimately terminating his employment because of his race and protected activity. On May 24, 2023, Mr. Adams dual filed a Charge Of Discrimination with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission. In it, he alleges discrimination that occurred from September 1, 2022, until March 5, 2023. On January 9, 2024, the EEOC issued Mr. Adams a Right To Sue Letter that explains that he must file any lawsuit arising out of the Charge Of Discrimination "**WITHIN 90 DAYS of your receipt of this notice.**" (ECF No. 18-21 (emphasis in original).)

On April 5, 2024, Mr. Adams filed suit against the Hospital. *See Adams v. Norristown State Hospital*, No. 2:24-cv-01433 (E.D. Pa.). That same day, the Clerk Of Court issued a summons and emailed it to Mr. Adams's counsel. It also noted that Mr. Adams's counsel had to file the Court's required Designation Form. His counsel filed that required form on April 18, 2024. On June 5, 2024, I issued an Order alerting Mr. Adams that if he did not serve the Complaint and Summons in that case on the hospital by July 5, 2024, and file a proof of service, then I would dismiss the case without prejudice. Mr. Adams did not file a proof of service, or anything else. So, on July 11, 2024, I dismissed the case without prejudice for failure to prosecute.

On August 12, 2024, Mr. Adams, represented by the same counsel as his first case, filed this case. He asserts the same claims as in the first case: racial discrimination; a hostile work environment; and retaliation for complaining about discrimination and harassment; all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq*. On July 25, 2025, the Hospital moved for summary judgment. Among other things, the Hospital argues that Mr. Adams filed this case after his 90-day period to file suit lapsed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). In opposing summary judgment, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings" and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (quotation omitted). "[I]nstead, he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted).

3

### III.   DISCUSSION

A plaintiff pursuing a claim under Title VII[1] must file suit within ninety days of receipt of a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *McGovern v. City of Phila.*, 554 F.3d 114, 115 n.1 (3d Cir. 2009). The period functions as a statute of limitations and tolls only in limited circumstances, such as when "the defendant has actively misled the plaintiff; when the plaintiff in some extraordinary way was prevented from asserting his rights; or when the plaintiff timely asserted his rights in the wrong forum." *Seitzinger v. Reading Hosp.*, 165 F.3d 236, 240 (3d Cir. 1999); *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

Mr. Adams filed this action on August 12, 2024, well beyond the expiration of the statutory filing period. He had the same counsel who filed the complaint in both cases, and with nothing (seemingly) standing in his way, his failure to act was completely within his control and could easily have been avoided. Because his current lawsuit is based on the allegations addressed by the Right To Sue Letter, it is untimely.

In similar circumstances, courts in other circuits have held that when a plaintiff files a case that gets dismissed without prejudice, that filing does not toll the Title VII filing period. *See Chico–Velez v. Roche Prods., Inc.,* 139 F.3d 56, 59 (1st Cir.1998); *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 27 (6th Cir.1987); *Brown v. Hartshorne Pub. Sch.*

---

[1] I only address Title VII claims because, in his Opposition, Mr. Adams withdraws his § 1981 claim. (ECF No. 19-1 at 1.)

*Dist.,* 926 F.2d 959, 961 (10th Cir.1991). A panel of the Third Circuit reached the same conclusion in *Carter v. Marmon Keystone*, where it held that an employee whose prior Title VII case was dismissed for failure to properly serve process or obtain a waiver was not entitled to refile another Title VII action based on the same Right to Sue Letter after the 90-day period had expired. 360 F. App'x 271, 273 (3d Cir. 2010).

I find these decisions persuasive, particularly in this case, and adopt their reasoning. Mr. Adams did not serve the first complaint on the Hospital. As a result, the Hospital had no way to know that he had decided to pursue litigation after proceedings before the EEOC terminated. That didn't change until after the time that Congress decided was the limit to pursue litigation.

Mr. Adams tries to avoid the time bar by invoking the doctrine of equitable tolling. That doctrine permits a plaintiff to sue after the expiration of a statute of limitations if something has prevented the plaintiff "in some extraordinary way" from asserting his rights. *Seitzinger*, 165 F.3d at 240. But Mr. Adams doesn't point to anything that prevented him from asserting his rights in the statutory period. To the contrary, he concedes that that his counsel is "unable to discern" why he didn't serve the complaint in his first case. (ECF No. 19-1 at 10.) The failure appears to stem from his counsel, not from some outside event, and his counsel is his agent, so he cannot escape responsibility for her actions. He therefore cannot invoke equitable tolling.

Finally, because I find that Mr. Adams's claims under Title VII are untimely, I will decline to exercise supplemental jurisdiction over Mr. Adams's PHRA claims. Without federal claims, there is no efficiency to be gained by having those claims remain in federal court. 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). Mr. Adams can present those claims in state court, and he can explain to that court that discovery is complete in this case in an effort to expedite the case.

## IV. CONCLUSION

Mr. Adams's Title VII claims are untimely, and he has withdrawn his Section 1981 claim. With no remaining federal claim, I will decline to exercise the Court's supplemental jurisdiction over his state law claims. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.